UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO GUERRERO ESPINOSA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NORTHWEST ICE PROCESSING CENTER, et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02867-JHC<br><br>ORDER |

## I
## Introduction

This matter comes before the Court on Petitioner Francisco Guerrero Espinosa's Petition for Writ of Habeas Corpus. Dkt. # 1; *see also* Dkt. # 1-3. The Court has reviewed the materials filed in support of and in opposition to the petition, the record, and the governing law. Being fully advised, the Court GRANTS the petition. Dkt. # 1

## II
## Background

This is Petitioner's third habeas petition. Dkt. # 1 at 3; Dkt. # 9 at 2-3; *see Guerrero Espinosa v. ICE Field Off. Dir.*, No. 2:26-CV-00034-JHC, 2026 WL 295191 (W.D. Wash. Feb. 4, 2026) (*Guerrero Espinosa I*); *Espinosa v. Warden Nw. Ice Processing Ctr.*, No. 2:26-CV-

02259-JHC, 2026 WL 2149573 (W.D. Wash. July 27, 2026) (*Guerrero Espinosa II*). The Court incorporates the background of both orders.

Also, the Court considers relevant these additional facts: Petitioner is a member of the *Franco-Gonzalez* class, which makes him a subclass of detained noncitizens with serious mental illness or cognitive disabilities that require heightened procedural safeguards. Dkt. # 1-1 at 71; *see* Dkt. # 1-1 at 31, 52-53 (stating, "DHS notified the Immigration Court that the Respondent was a member of the *Franco-Gonzalez* class"); Dkt. # 1-1 at 73-82 (DHS mental health records); *see also Franco-Gonzalez v. Holder*, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014). And on May 26, 2026, Petitioner's attorney of record in his immigration court proceedings resigned from the Washington State Bar Association (WSBA) in lieu of discipline and was later suspended from practice by the Department of Homeland Security (DHS), the immigration courts, and the BIA. Dkt. # 1-1 at 87-90; *see also* Dkt. # 1-1 at 55 & n.1.

## III

## DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner raises multiple grounds for relief, primarily saying that he "is detained under an incorrect statutory theory" and challenging his bond hearing.[1] Dkt. # 1 at 6-7; *see also* Dkt. # 1-

[1] Petitioner briefly states each claim in a court-provided Petition for A Writ of Habeas Corpus form, *see* Dkt. # 1 at 1-8, and attaches a longer "Memorandum of Law in Support of Petition for Writ of Habeas Corpus" citing law and facts to support each claim. Dkt. # 1-3 at 1-18. Although this is atypical, because Petitioner is pro se, detained, and submitted his filing via mail, the Court considers both in deciding the Petition. Additionally, because "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by [incarcerated

3. Respondents do not respond to the substantive arguments presented by Petitioner and instead say that the petition is successive and constitutes an abuse of writ. Dkt. # 9 at 2.

A. Abuse of Writ Doctrine

"The abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.' Under this doctrine, 'a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim.'" *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (citations omitted) (quoting *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 538 (9th Cir. 1998) and *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011)).

"[T]o determine whether a claim is second or successive, [courts] must look to the substance of the claim and decide whether the petitioner had a full and fair opportunity to raise the claim in the prior application." *Eldridge*, 70 F.4th at 552 (citation modified). "[A] petitioner 'had no fair opportunity to raise the claim in the prior application' if '[1] the claim was not yet ripe at the time of the first petition, or [2] where the alleged violation occurred only after the denial of the first petition." *Id.* (alterations in original).

1. *Rodriguez Vazquez*

Petitioner correctly says that his claim regarding the statutory authority under which he is detained is not a successive claim. The decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), was issued months after *Guerrero Espinosa I* and just three days after *Guerrero Espinosa II*, so the binding precedent was not available in his prior petitions.

---

persons]," the Court will consider both Dkt. # 1 and Dkt. # 1-3 in deciding the Petition. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

Dkt. # 12 at 3-4. As explained below, *Rodriguez Vasquez* is directly on point to Petitioner's statutory authority argument, and therefore the Court considers the impact of *Rodriguez Vazquez* on Petitioner's claims.

2. Bond hearing

Defendants say that the current Petition is successive as it relates to challenging Petitioner's bond hearing. They correctly say that Petitioner's bond hearing occurred on December 23, 2025, and any challenge to the bond hearing could have been raised in either *Guerrero Espinosa I* (filed January 5, 2026) or *Guerrero Espinosa II* (filed June 29, 2026). *See Guerrero Espinosa I*, Docket; *Guerrero Espinosa II*, Docket. While this is true, it ignores a key development that occurred after both Petitions were filed. On May 26, 2026, Petitioner's attorney of record in his immigration proceedings resigned from the WSBA; on June 10, 2026, that attorney closed her law firm; on June 18, 2026 she was suspended from practice by DHS, the immigration courts, and the BIA; and on June 26, 2026 USCIS issued a statement informing the public of these actions and providing resources for former clients. Dkt. # 1-1 at 87-88. Although Petitioner's second habeas petition was received by this Court and filed June 29, 1016, it was dated May 31, 2026, and placed into the prison mail system on June 1, 2026. *See Guerrero Espinosa II*, Dkt. # 1 at 8. The petition makes no reference to the disciplinary actions regarding his attorney. *See generally See Guerrero Espinosa II*, Dkt. # 1. The Court thus finds that considering the bond hearing as it relates to these events that occurred only after the first petitions were filed is not a successive claim and the abuse of writ doctrine does not apply. *See Eldridge,* 70 F.4th at 552 (holding "because no court has addressed [petitioner]'s three-year set-off claims regarding his 2016 parole denial, he did not abuse the writ by raising the 2019 denial issue in his instant habeas petition").

Even if it did apply, the Court separately finds that Petitioner has shown cause and prejudice sufficient to excuse the successive petition. *See* Dkt. # 5-6. The Court finds particularly relevant to this consideration that Petitioner is a member of the *Franco-Gonzalez* class, and is entitled to heightened procedural safeguards, including competent representation or a competency evaluation before proceeding pro se. *See Franco-Gonzalez*, 2014 WL 5475097, at *6; *see also* Dkt. # 1-1 at 31, 52-53, 71, 73-82. For these reasons, the Court finds Petitioner has shown cause for bringing a successive petition and prejudice if it is not considered now. Thus, after determining the statutory authority under which Petitioner is detained, the Court also considers the "threshold procedural protections Petitioner was and is entitled to as a Franco-Gonzalez class member" and the legal errors that may have occurred in the challenged bond hearing. Dkt. # 1-3 at 15.

B. Statutory Authority for Detention

Petitioner says that he is detained pursuant to § 1226(a), and the Court agrees. *See* Dkt. # 1 at 6; Dkt. # 1-3 at 7-10. On July 20, 2026, three days after the Court decided Petitioner's second petition, the Ninth Circuit decided *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *See also Rodriguez Vazquez v. Hermosillo*, 816 F. Supp. 3d 1234, 1249 (W.D. Wash. 2026) (describing bond denial class membership).[2] Petitioner entered the United States at an unknown time and place, but which Petitioner says occurred on or about May 9, 2021. *Guerrero Espinosa I*, at *1; Dkt. # 1-3 at 4; *see also Guerrero Espinosa II*, at *1. He then seemingly remained in the

[2] Additionally, the Court never made a finding on the authority under which Petitioner is detained and instead assumed, without deciding, that Petitioner is detained under section 1225(b). *See Guerrero Espinosa I*, *2; *Guerrero Espinosa II*, 1* n.1.

United States until he was encountered in Oregon and then detained on September 18, 2025. *Guerrero Espinosa I*, at *1; *see also Guerrero Espinosa II*, at *2 (describing arrest). Petitioner is also not detained under another statute such as 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. Because Plaintiff was present without admission and was apprehended in the interior of the United States, he is detained under § 1226(a) and thus entitled to a bond hearing. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1171 (9th Cir. 2026).

Petitioner received a bond hearing in December 2025; the IJ determined Petitioner was detained subject to § 1225(b) and, in the alternative, found Petitioner to be a flight risk and denied bond under § 1226(a). *See Guerrero Espinosa I*, at *1. The Court assumes without deciding that this satisfies § 1226(a), but for the reasons described above, still considers the procedural protections Petitioner is entitled to as a *Franco-Gonzalez* class member.

C. Class Membership

*Franco-Gonzalez* members "may be detained pursuant to several statutory provisions governing detention," including § 1226(a) and the procedural protections apply "at various stages of removal proceedings." *Franco-Gonzalez v. Holder*, 2013 WL 3674492, at *10 (C.D. Cal. Apr. 23, 2013). The record shows that DHS has confirmed Petitioner's class states in the immigration court. Dkt. # 1-1 at 52-53. Respondents do not contest Petitioner's membership nor that the protections afforded to him apply to his bond hearing. *See generally* Dkt. # 9; *see also Bazan v. Blanche*, 2026 WL 1830922, at *1 (W.D. Wash. June 25, 2026) (finding "as a *Franco-Gonzalez* class member, [petitioner] is entitled to additional protections in that bond hearing").

*Franco-Gonzalez* class members may fall into two sub-classes:

> Sub–Class 1: Individuals in the Class "who have a serious mental disorder or defect that renders them incompetent to represent themselves in detention or removal proceedings."
> Sub–Class 2: Individuals in the Class "who have been detained for more than six months."

*Franco-Gonzalez*, 2013 WL 3674492, at *16. Pursuant to a permanent injunction that remains in effect, members of Sub–Class 1 are entitled to "Qualified Representatives who are willing and able to represent them during all phases of their immigration proceedings," and newly detained members of Sub–Class 2 are entitled to a bond hearing within 180 days after being identified with additional procedural protections. *See Franco-Gonzalez*, 2013 WL 8115423, at *1-2. Immigration judges must conduct a competency evaluation to determine whether a class member may represent themselves. *See Franco-Gonzalez*, 2014 WL 5475097, at *6.

Here, the IJ's bond order makes no reference to Petitioner's class status. *See Guerrero Espinosa I*, Dkt. # 10-2 at 2-3. The Court might have overlooked this because Petitioner was represented at the time, but because it has since become apparent that Petitioner's counsel seemingly may not have been competent counsel, the Court cannot assume Petitioner's bond hearing squares with the permanent injunction in *Franco-Gonzalez*. Dkt. # 1-1 at 31, 52-53. It appears on the record before this Court, in addition to that of *Guerrero Espinosa I* and *Guerrero Espinosa II*, that Petitioner has not received the additional procedural protections that he is entitled to under *Franco-Gonzalez*. Thus, Petitioner is entitled to habeas relief in the form of a new bond hearing.

Additionally, because Petitioner has now been detained for over 180-days without a procedurally compliant bond hearing, the Court finds Respondents must treat Petitioner as entitled to the same rights as those in sub-class 2 and grants the same remedy. *See Franco-Gonzalez*, 2013 WL 3674492, at *13 (finding "the INA requires that class members who are detained beyond a reasonable period are entitled to a custody redetermination hearing, at which the Government bears the burden of justifying their continued detention by clear and convincing evidence).

## IV
## CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. # 1) is GRANTED.
2. Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a).
3. Respondents must provide Petitioner with a bond hearing within 14 calendar days of this order, at which the Government bears the burden of justifying their continued detention by clear and convincing evidence. *See Franco-Gonzalez*, 2013 WL 3674492, at *13. This bond hearing must also comply with all other protections to which he is entitled as a *Franco-Gonzalez* class member.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of September, 2026.

John H. Chun
United States District Judge