UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO GUERRERO ESPINOSA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NORTHWEST ICE PROCESSING CENTER, et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02867-JHC<br><br>ORDER |

This matter comes before the Court on Petitioner Francisco Guerrero Espinosa's Motion to Enforce Judgment. Dkt. # 16. The Court has considered the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the motion.

On September 28, 2026, the Court granted the petition for writ of habeas corpus and ordered Respondents to provide Petitioner with an individualized bond hearing on or before October 12, 2026, that complies with the procedural requirements of *Franco-Gonzalez v. Holder*, 2013 WL 3674492, at *10 (C.D. Cal. Apr. 23, 2013), and in which the Government bore the burden of proving by clear and convincing evidence that Petitioner was not entitled to bond; or else to release Petitioner within 24 hours under appropriate conditions of release. *See* Dkt. # 13 at 8. A bond hearing was held for Petitioner on October 5, 2026, before Immigration Judge (IJ)

Fitting. *See* Dkt. # 18-2; Dkt. # 20. At the end of the bond hearing, IJ Fitting denied bond, concluding that the Government had not proven that Petitioner was a danger to the community, but that it had met its burden showing that he presents a flight risk. *See* Dkt. # 18-2; Dkt. # 20.

Petitioner now moves to enforce the Court's September 28, 2026 order. *See generally* Dkt. # 16. He says that although a bond hearing was held, IJ Fitting did not apply the necessary clear-and-convincing-evidence standard, did not provide Petitioner with the necessary procedural protections, and did not provide an individual assessment. *Id*. at 4-6.

Respondents counter that the Court should deny the motion for two reasons. First, they say that the Court should require prudential exhaustion. Dkt. # 17 at 2-4. But prudential exhaustion is not required where, as here, the Court has jurisdiction to enforce its prior judgment. *See*, *e.g.*, *Diallo v. Casey*, 2026 WL 1834391, at *2 (S.D. Cal. June 25, 2026) ("Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order."); *Laguna v. Hernandez*, 2026 WL 2516736, at *6 (W.D. Wash. Aug. 14, 2026) ("The Court retains jurisdiction to ensure compliance with its Order granting habeas relief in this case."). And even if it were, courts in this District regularly waive prudential exhaustion when a petitioner is requesting review of a bond determination. *See, e.g.*, *Scott v. Wamsley*, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025), *reconsideration denied*, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026) (concluding that the *Puga* factors support waiver of prudential exhaustion); *Smith v. Hernandez*, 2026 WL 2085853, at *2–3 (W.D. Wash. Jul. 20, 2026) (same); *W.T.M. v. Bondi*, 2026 WL 262583, at *2–3 (W.D. Wash. Jan. 30, 2026) (same). Respondents' prudential exhaustion argument thus does not provide a basis to deny this motion.

Second, Respondents say that the Court should deny the motion because Petitioner has received the relief granted because he has received a constitutionally adequate bond hearing

where Respondents established by a clear and convincing evidence that Petitioner is not entitled to release. Dkt. # 17 at 4-5. The Court disagrees.

A habeas court has jurisdiction to review an IJ's bond determination for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024). And while a federal court cannot reweigh evidence or set bond itself, it can determine whether there is any evidence in the record to support the IJ's bond determination. *See id.*; *see also Soto Gimenez v. Hernandez*, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("[B]ond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case."); *see also Lopez Reyes v. Bonnar*, No. 18-CV-07429-SK, 2018 WL 7474861, at *8 (N.D. Cal. Dec. 24, 2018) ("where the IJ misinterpreted or failed to consider probative evidence, the Court may review such errors under its habeas review.").

Here, the IJ denied bond "based on [Petitioner]'s extensive immigration record, lack of any means to obtain lawful residency, the denial of his applications for protection, and order of removal." Dkt. # 18-2 at 2. As made apparent from the contemporaneous record of the hearing, and for the reasons expressed by Petitioner, this finding fails for several reasons. *See* Dkt. ## 16, 18, 20.

First, although Petitioner has a removal order now on appeal before the BIA, the Ninth Circuit has explicitly held that a final order of removal does not, by itself, constitute "clear and convincing evidence" of flight risk. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011).

Second, Petitioner does not, as the IJ says, have no means to obtain lawful residency. As discussed in the bond hearing and presented to the IJ, Petitioner submitted an I-914 Application for T Nonimmigrant Status with United States Citizenship and Immigration Services. Dkt. # 19 at 7, 103-106. Although the IJ questioned if Petitioner had sought status through his U.S. citizen wife and acknowledged a "lack of diligence" on the part of the attorneys trying to assist him with

status, the IJ refused to engage with Petitioner's new counsel when he brought before the IJ the fact that Petitioner's former attorney of record resigned from the state bar and was suspended from practice. Dkt. # 20; *see also* Dkt. # 13 at 4 (describing Petitioner's former attorney's disciplinary history). The IJ also seemed not to consider that the attorney representing Petitioner in the bond hearing had only been retained that weekend before the Monday bond hearing. Dkt. # 20. On this record, where the IJ herself identified a path through Petitioner's wife, it exceeded the scope of discretion to say that Petitioner "lack[s] any means to obtain lawful residency." Dkt. # 18-2 at 2.

Third, the Court assumes the IJ was referring to Petitioner's multiple entries into the U.S. when she referred to Petitioner's "extensive" immigration record. Dkt. # 18-2. But even then, Petitioner's return to the U.S. after a voluntary removal similarly does not support a clear-and-convincing flight risk finding. All but one of those returns occurred between 2006 and 2007; when Petitioner was 19 or 20. Dkt. # 19 at 7, 110; Dkt. # 20. The IJ does not explain how unlawful entries nearly 20 years old can overcome the overwhelming evidence in support of his ties to the community. Dkt. # 20; *see Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1080 (W.D. Wash. 2026) ("[c]oncluding that an unlawful entry from 25 years ago, without any criminal history or any history of failing to appear, automatically weighs in favor of finding flight risk lacks any objective rationale."); *Mendez-Reyes v. Scott*, 2026 WL 2085251, at *4 (W.D. Wash. July 20, 2026) (same). That leaves only one return after a voluntary removal in 2021.

On the other side, Petitioner's counsel presented considerable evidence that he does not present a flight risk, including his substantial ties to the community, the citizenship status of his wife and child, a stable address, three years of tax returns, a stable job, a willingness to post up to a $7,000 bond, and his lack of criminal history. *See* Dkt. # 19 at 1-145. The Government did not present evidence to rebut this evidence, nor did the IJ make any attempt to engage with this

evidence or the clear-and-convincing standard. *See id.*; Dkt. # 20. Petitioner's bond hearing thus failed to comply with the requirements mandated by this Court's Order, and so Petitioner is entitled to release. *See, e.g.*, *Tavurov v. Noem*, 2026 WL 1283513, at *10 (W.D. Wash. May 11, 2026) (collecting cases ordering immediate release after finding abuse of discretion in bond denials).

Accordingly, the Court:

(1) GRANTS Petitioner's Motion (Dkt. # 16);

(2) ORDERS Respondents to release Petitioner within 24 hours under appropriate conditions of release. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf shall be prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

(3) DIRECTS the Clerk to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of November, 2026.

John H. Chun
United States District Judge